IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY WAYNE JACKSON (TDCJ No. 1961795), | § | |
| Petitioner, | § | |
| V. | § | No. 3:15-cv-2082-B-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division,[1] | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Gary Wayne Jackson, a Texas inmate, proceeding *pro se*, has filed an amended application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the Court should deny the application.

**Applicable Background**

In 2014, Jackson pleaded guilty, pursuant to a plea bargain agreement, to aggravated assault with a deadly weapon, and he was sentenced to three years of imprisonment. *See State v. Jackson*, No. 2-14-341 (382d Jud. Dist. Ct., Rockwall Cty., Tex.); Dkt. No. 12-1 at 2-19. While there was no direct appeal, Jackson challenged his conviction and sentence through a state habeas application, which the Texas Court of

[1] Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and, as his successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

Criminal Appeals (the "CCA") denied without a written order. *See Ex parte Jackson*, WR-83,075-01 (Tex. Crim. App. May 13, 2015); Dkt. No. 12-1 at 21.

In his timely-filed federal habeas application, amended to include his signature, *see* Dkt. Nos. 3, 4, 5, & 6, Jackson asserts four grounds for relief: (1) ineffective assistance of trial counsel in violation of the Sixth Amendment (the "IATC claim"); (2) that there is no evidence to support a deadly weapon finding; (3) that his guilty plea was not voluntary; and (4) that the trial court lacked jurisdiction because the term of the grand jury expired when he was indicted, *see* Dkt. Nos. 6 & 7.

**Legal Standards**

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713; *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule

application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. ___, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the

Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's

'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

**Analysis**

Taking Jackson's lack-of-jurisdiction claim [Ground 4] first, this claim is based on an alleged defect in the state indictment, "[t]he sufficiency of [which] is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)); *accord Alexander v. McCotter*, 775 F.2d 595, 598 (1985).

> For an indictment to be "fatally defective," no circumstances can exist under which a valid conviction could result from facts provable under the indictment. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).
>
> State law determines whether an indictment is sufficient to vest jurisdiction in the state trial court. *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir. 1994). Under Texas law, "indictments charging a person with committing an offense, once presented, invoke the jurisdiction of the trial court and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance." *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007). [Even the] "failure to allege an element of an offense in an indictment or information is a defect of substance," as opposed to one of jurisdiction. *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). As acknowledged in *Studer*, if omitting an element from an indictment is a defect of substance in an indictment, it naturally

> follows that the indictment is still an indictment despite the omission of that element. *Id.*

*Fields v. Thaler*, Civ. A. No. H-11-0515, 2012 WL 176440, at *6-*7 (S.D. Tex. Jan. 20, 2012).

Jackson has failed to show that the state indictment was "so defective" as to deprive "the state court of jurisdiction," *McKay*, 12 F.3d at 68, and, moreover, because the CCA denied his state habeas application without a written order, the highest state court has indicated "that the indictment is sufficient, so [Jackson's] claim is thus not cognizable under § 2254," *Odham v. Scott*, 56 F.3d 1384, 1995 WL 337647, at *2 (5th Cir. 1995) (per curiam) (citing *Alexander*, 775 F.2d at 599; *McKay*, 12 F.3d at 68).

The Court should therefore deny the fourth ground for habeas relief.

Turning to Jackson's IATC claim [Ground 1], his allegations that counsel was constitutionally ineffective for (1) failing to investigate, (2) failing to obtain a subpoena, and (3) failing to raise an issue concerning the victim of Jackson's crime, all "nonjurisdictional challenges to [his] conviction's constitutionality," are "cut off" if Jackson fails to establish that his guilty plea is not voluntary [Ground 3]. *Norris v. McDonough*, No. 8:06-CV-0036-T-30TBM, 2007 WL 1655617, at *6 (M.D. Fla. June 6, 2007) (citing *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983) ("Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." (citing *McMann v. Richardson*, 397 U.S. 759 (1970); *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)))); *see Smith v. Estelle*,

711 F.2d 677, 682 (5th Cir. 1983) (claims of ineffective assistance of counsel, for example, are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea"); *Young v. Quarterman*, No. SA-06-CA-1003-NN, 2007 WL 2572043, at *27 (W.D. Tex. Sept. 4, 2007) ("A guilty plea, voluntarily entered, waives all nonjurisdictional errors by the trial court that preceded the petitioner's guilty plea." (collecting cases, including *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."))); *see also Menna v. New York*, 423 U.S. 61, 63 n.2 (1975) (per curiam) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.").

Therefore, although this Court lacks detailed state-court findings to review, the undersigned begins with the CCA's conclusion that the guilty plea was voluntary. *Cf. Pondexter*, 346 F.3d at 148-49 ("'The precise question ... is whether the [state] court's ultimate conclusion ... is objectively unreasonable.'" (quoting *Neal*, 286 F.3d at 246));

*Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.").

A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).

The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Here, the CCA's conclusion that Jackson's plea was voluntary is supported by Jackson's plea bargain agreement and written plea admonishments. *See* Dkt. No. 12-1 at 16-19 (advising him of the charge against him, the range of punishment – 2 to 22

years of incarceration – and the agreed sentence of 3 year of incarceration, and setting out that, by pleading guilty, Jackson was waiving his right to a jury trial and cross-examination of witnesses as to the issue of his guilt). The voluntariness conclusion is also supported by the judicial confession, *see id.* at 19, and the trial court's certification as to Jackson's appellate rights, which, consistent with the plea admonishments, reflects that Jackson waived his right of appeal, *see id.* at 15.

Such representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight"). And, in light of these representations, Jackson fails to show "that the state habeas court's conclusion" that his guilty plea was entered voluntarily (and therefore that his related claims of ineffective assistance of counsel should be denied) "amounted to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)).

Similarly, Jackson's voluntary guilty plea "cuts off" his second ground for relief, his claim that there was insufficient evidence to support the deadly weapon finding – a finding included in the indictment. *See* 12-1 at 8-12. *Cf. Alaniz v. Quarterman*, No. 2:05-cv-190, 2008 WL 4277165, at *5 (N.D. Tex. Sept. 16, 2008) ("It was not necessary to establish bodily injury by way of medical records, especially where, as here, petitioner entered a judicial confession and a guilty plea admitting everything alleged

in the indictment, including the allegation that petitioner caused bodily injury.”).

The Court should therefore deny the remaining grounds for habeas relief.

**Recommendation**

The Court should deny the amended application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE